FILED
IN OPEN COURT

FEB - 9 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:15CR153 |
| | ) | |
| GREGORY G. HATT, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The United States and the defendant, GREGORY G. HATT, agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. From in or about July 2014 through July 24, 2015, the defendant maintained a residence on Dylan Drive in Virginia Beach, Virginia.

2. From in or about December 2014 through July 24, 2015, the defendant distributed heroin from his residence on Dylan Drive in Virginia Beach, Virginia and from other locations in the Eastern District of Virginia.

3. In or about December 2014, the defendant became acquainted with Monica Beaudry through a mutual friend A.S.

4. On one occasion in December 2014, Beaudry and A.S. came to the defendant's residence on Dylan Drive in Virginia Beach, Virginia. The defendant distributed heroin to both Beaudry and A.S. On that occasion, A.S. overdosed from the heroin the defendant distributed. The defendant's roommate, C.P., put A.S. in the bathtub to revive her from her overdose, and was

able to successfully do so. Beaudry and A.S. left the Dylan Drive residence under their own power.

5. Several weeks after the occasion on which A.S. overdosed, on the night of December 26, 2014, Beaudry and A.S. were celebrating Beaudry's birthday at a restaurant and bar in Virginia Beach, Virginia. While at the restaurant, the defendant told Beaudry and A.S. via text message that he had something at his house that he wanted to give Beaudry for her birthday. After communicating with the defendant, Beaudry and A.S. decided to leave the bar and go to the defendant's Dylan Drive residence.

6. Beaudry and A.S. drove to the defendant's Dylan Drive residence in Beaudry's Honda. Once Beaudry and A.S. arrived at the residence, the defendant distributed heroin to Beaudry.

7. Beaudry overdosed from the heroin the defendant provided to her at the Dylan Drive residence. Shortly after consuming the heroin the defendant provided to her, she exhibited symptoms to include, but not limited to, foaming at the mouth, rasping breath, and losing consciousness. The defendant did not call for emergency medical assistance. Beaudry was placed in the back of her Honda and driven to the Chesapeake Regional Medical Center in Chesapeake, Virginia.

8. Beaudry died at approximately 9:38 pm on December 26, 2015 at Chesapeake Regional Medical Center in Chesapeake, Virginia. The cause of death was listed as combined ethanol and heroin poisoning. A blood test revealed that she had an ethanol level of 0.065% by weight by volume and a morphine level of 0.23 mg/L in her blood at the time of death. But for the heroin in her system, and with all other facts remaining the same, Beaudry would not have died that night.

9. The defendant became aware that Beaudry had died. After Beaudry's death, the defendant continued to distribute heroin from multiple locations within the Eastern District of Virginia. On July 1, 2015, law enforcement agents observed the defendant selling heroin to individuals in the parking lot of a shopping center on Kempsville Road in Virginia Beach, Virginia. On July 22, 2015, law enforcement agents, working undercover, purchased approximately 1 gram of heroin from the defendant.

10. On July 24, 2015, law enforcement agents executed a search warrant on his Dylan Drive residence and took him into custody. When they executed the search warrant on July 24, 2015, agents found and seized: 36.6 grams of heroin, 17 grams of cocaine, digital scales, a machine press, needles, syringes, and multiple loaded firearms, to include a short-barreled shotgun.

11. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____
Alyssa K. Nichol
Special Assistant United States Attorney
John F. Butler
Special Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, GREGORY G. HATT and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

*[signature]*
GREGORY G. HATT

I am Lawrence Woodward, Esquire, the defendant's attorney.   I have carefully reviewed the above Statement of Facts with him.   To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

*[signature]*
Lawrence Woodward, Esquire
Attorney for GREGORY G. HATT