IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

UNITED STATES OF AMERICA

v.  Criminal No.: 2:15cr153

GREGORY G. HATT

**POSITION OF THE DEFENDANT, GREGORY G. HATT
WITH RESPECT TO SENTENCING FACTORS**

COMES NOW the defendant, Gregory G. Hatt, by counsel and states as follows for his position on sentencing.

Introduction

The Defendant and counsel have reviewed the pre-sentence report. There are no objections that affect the advisory sentencing guideline range. As set forth in the addendum, there is one agreed objection to certain factual information found at paragraphs 10 and 11. The parties agree that this language should be deleted and the Defendant requests that the Court order the deletions as requested.

The § 3553 Factors and Request for a Variant Sentence

The advisory guideline range of life is illustrative of the outlandish and absurd results that can occur from trying to use a formulaic approach to sentencing, this is based on categories not individual facts. In this case, the Defendant is a lifelong drug addict who has abused and been addicted to

multiple substances since the age of 13. Neither drug treatment nor the use of the criminal justice system has been able to overcome the power of his addiction (paragraphs 58-64). The Defendant willingly provided heroin to an individual who also had a long history of drug abuse and who desired and sought the drug even after having medical problems from prior use. Again this behavior on the part of the deceased is a testament to the power that drug addition can have over an individual. The Defendant did not force or coerce the deceased to do anything she did not want to do and had not done many times prior with drugs from sources other than the Defendant. The victim should not be faulted for having an addiction and neither should the Defendant. The notion that this conduct by the Defendant should be in the same as the guideline range that one would receive for an intentional murder, terrorism, or any other number of intentional violent acts against people is not fair, sensible, or just.

Counsel for Mr. Hatt does not in any way attempt to minimize or treat lightly the loss that was suffered by the deceased and her family nor downplay the societal and personal costs of drug addiction. The political choice to treat drug addiction as a criminal justice issue not a public health issue was made decades ago and certainly will not be revisited in this case. That being said, the defense urges the Court to not judge this case through the prism of politics. At the Defendant's plea hearing the courtroom was filled with elected politicians, political appointees, law enforcement personnel, staff members to the politicians,

and people whose lives have been negatively impacted by drug use in their families. After the hearing these individuals held a press-conference about the country's drug problem on the courthouse steps. These individuals have an absolute right to come to court and to make public statements, but not a right to try to influence a particular sentencing or case for political purposes. It is interesting to observe that on a daily basis this court has cases involving murder, child pornography, gang violence, and other equally serious cases which in counsel's experience, are not attended by politicians or the subject of press conferences. The sad fact is that the United States has an insatiable appetite for narcotics and probably more drug abuse and deaths from drugs than any nation in recorded history. It is equally sad that after decades of putting people in jail for lengthy and harsh sentences, the problem is getting worse not better (see Exhibits A through C). Mr. Hatt did not create this problem and punishing him severely will do nothing to address the problem. The Court's goal is a sentence that is sufficient but not greater than necessary under the law and not a sentence that satisfies some political or public relations goal.

The defense contends that a sentence at or near the minimum mandatory is appropriate in this case. The Defendant pled guilty, cooperated, and through his letter (see Exhibit D), has expressed extreme remorse for the horrible toll that drugs have exacted on his life and the lives of others. A sentence of 240 months will result in the Defendant being incarcerated until he is almost 50 years old. Hopefully by

then, his addiction will be addressed and our society will have come to the realization that drug usage is an issue that arises from human frailty, despair, and economic issues and that it cannot be solved by police, prosecutors, probation officers and jail cells.

>Respectfully Submitted,
>
>GREGORY G. HATT
>
>By: _____/s/_____
>Lawrence H. Woodward, Jr., Esq.
>Virginia State Bar No.: 21756
>Attorney for Gregory G. Hatt
>SHUTTLEWORTH, RULOFF, SWAIN
>HADDAD & MORECOCK, P.C.
>317 30th Street
>Virginia Beach, Virginia 23451
>Phone: (757) 671-6000
>Fax: (757) 671-6004
>E-mail: lwoodward@srgslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following ECF users:

>John F. Butler, Esq.
>Alyssa Nichol, Esq.
>Assistant United States Attorney
>Attorney for the United States
>United States Attorney's Office
>101 West main Street, Suite 8000
>Norfolk, Virginia 23510
>Phone: (757) 441-6331
>Fax: (757) 441-6689
>Email: john.butler@usdoj.gov
>       alyssa.nichol@usdoj.gov

And, I hereby certify that I have electronically emailed the document to the following non-filing user:

>Darryl A. Upshur
>United States Probation Officer
>600 Granby Street, Suite 200
>Norfolk, VA 23510
>darryl_upshur@vaep.uscourts.gov

By: _____/s/_____
Lawrence H. Woodward, Jr., Esq.
Virginia State Bar No.: 21756
Attorney for Gregory G. Hatt
SHUTTLEWORTH, RULOFF, SWAIN
HADDAD & MORECOCK, P.C.
317 30th Street
Virginia Beach, Virginia 23451
Phone: (757) 671-6000
Fax: (757) 671-6004
E-mail: lwoodward@srgslaw.com
