# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

**GREGORY G. HATT,**

**Petitioner,**

v.   CRIMINAL ACTION NO.: 2:15CR153

**UNITED STATES OF AMERICA,**

**Respondent.**

## *MEMORANDUM OPINION AND ORDER*

Before the Court is *pro se* litigant Gregory G. Hatt's ("Petitioner") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal custody pursuant Title 28, United States Code, Section 2255 ("§ 2255 Motion"). Having thoroughly reviewed the motions and filings in this case, the Court finds that no hearing is necessary to address Petitioner's motion. For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On December 18, 2015, a federal grand jury in the Eastern District of Virginia returned an eight count superseding indictment against the Petitioner. ECF No. 26. Count Two, which charged the Petitioner with "Distribution of Heroin Resulting in Death," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), is at issue in this Petition. Section (b)(1)(C), (the "sentencing enhancement element"), increased the Petitioner's sentencing exposure from a maximum of twenty years to minimum of twenty years and a maximum of Life imprisonment upon conviction. 21 U.S.C. § 841(b)(1)(C); ECF No. 38.

The Petitioner pled guilty to Count Two on Feb. 9, 2017, waiving his right to appeal his conviction and sentence if within statutory guidelines and all other claims cognizable on direct

1

appeal. ECF No. 33. Upon hearing and being convinced that the Petitioner's plea was knowingly and voluntarily entered, the Court convicted the Petitioner of Count Two and sentenced him to a 420 month term of imprisonment. ECF No. 32. The Court dismissed the remaining counts of the indictment upon the government's motion. ECF No. 45. Petitioner did not appeal.

On May 15, 2017, Petitioner, acting *pro se*, timely filed the instant § 2255 Petition. ECF No. 48–49. In his motion, Petitioner purportedly raises two constitutional grounds for relief.[1] First, the Petitioner contends that he received constitutionally ineffective assistance of counsel because his counsel failed to (1) "investigate and respond to the information in the state's file," (2) explain the heightened "but for" causation test required to prove his guilt of the sentencing enhancement provision, and (3) object to the statutory sentencing enhancement. Pet'r's. § 2255 Mot. at 4–5, ECF No. 49. Consequently, Petitioner alleges that counsel's errors prejudiced him in his plea by denying him the "opportunity to accept an alternative plea, or to go to trial." *Id.* at 5. Secondly, the Petitioner alleges that he was denied due process as a result of prosecutorial misconduct in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), stemming from the government's failure to consider exculpatory evidence during the plea agreement and sentencing stages of the proceedings. ECF No. 48, at 2, 5–8. To the extent that Petitioner raises new claims in his reply that were not raised in his initial § 2255 Motion, the Court declines to address them here. *A Helping Hand, LLC v. Baltimore*, 515 F.3d 356, 369 (4th Cir. 2008).

The Government filed its response in opposition, along with the counsel's sworn affidavit on July 16, 2017. ECF No. 54-1. Counsel, being so compelled, declared in a sworn affidavit that he reviewed all discovery records with the Petitioner advising him of both the facts and the law in his case. *Id.* The Petitioner filed his reply on Aug. 7, 2017. ECF No. 55.

---

[1] Petitioner asserts Sixth Amendment and Fourteenth Amendment claims, but the Court construes the latter under the Fifth Amendment, as it pertains to the United States.

2

## II. STANDARD OF REVIEW AND BURDEN OF PROOF

A Petitioner may move the court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, in four instances: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court lacked jurisdiction to impose the sentence; (3) the length of the sentence is in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Jones v. United States*, No. 4:09CV76, 2010 WL 451320, at *4 (E.D. Va. Feb. 8, 2010) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)).

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S.

970 (1978) (providing that a *pro se* petitioner is entitled to have his petition construed liberally and is held to less stringent standards than an attorney drafting such a complaint). In deciding a § 2255 motion, the Court need not hold a hearing if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Additionally, the Court is not required to hold an evidentiary hearing unless the petitioner's factual allegations, if proven true, would entitle him to relief. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Furthermore, if the motion is brought before the judge that presided over the conviction, the judge may rely upon recollections of previous events. *Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977); *Carvell v. United States*, 173 F.2d 348, 348–49 (1949) (stating it is highly desirable that § 2255 motions "be passed on by the judge who is familiar with the facts and circumstances surrounding the trial, and is consequently not likely to be misled by false allegations as to what occurred.").

Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Ineffective assistance of counsel claims, however, should generally be raised in a collateral motion instead of on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

"A guilty plea does not bar collateral review of allegations of ineffective assistance of counsel in so far as the alleged ineffectiveness bears on the voluntariness of the guilty plea." *Fields v. Attorney General of the State of Maryland*, 956 F.2d 1290, 1297 (4th Cir. 1992); *Hill v. Lockhart*, 474 U.S. 52, 53–59 (1985).

4

## III. DISCUSSION

As a preliminary matter, the Petitioner waived his right to challenge his sentence as it falls within statutory guidelines. Petitioner's claim that his counsel was ineffective for failing to challenge his sentencing enhancement is not barred by his waiver. However, the Court finds the Petitioner's claim for relief by way of § 2255 Motion is inappropriate. The Petitioner has positioned his claims for relief in terms of ineffective assistance of counsel, for counsel's alleged failure to object to the sentencing enhancement, and prosecutorial misconduct, because the government failed to consider evidence favorable to the Petitioner while formulating the plea agreement. However, it is clear to the Court that the Petitioner is ultimately challenging the statutory enhancement element of his offense and his sentence.[2] Petitioner has simply altered the wording of his challenge, contending that counsel was ineffective for failing to object to the sentencing enhancement. For these reasons, the Court finds that the Petitioner is attempting to attack his sentence under the guise of a § 2255 Motion claim for ineffective assistance of counsel and prosecutorial misconduct because he is no longer able to appeal his sentence directly. However, the Court will still examine the merits of Petitioner's claims.

### A. Ground One: Ineffective Assistance of Counsel

The Sixth Amendment right of effective assistance extends to all stages of criminal proceedings including the entry of a guilty plea. *Lee v. United States*, 137 S.Ct. 1958, 1964 (2017). The proper vehicle for an ineffective assistance of counsel claim is by filing a § 2255 Motion. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). To succeed in a Sixth

---

[2] To illustrate Petitioner's point, he highlights the case of *Thorne v. United States*, 614 Fed. Appx. 646 (2015). In *Thorne*, the Defendant was acquitted of the statutory death results enhancement provision but convicted of Conspiracy to Distribute Heroin and sentenced to 360 Months. The facts of Thorne's case are distinguishable for various reasons—specifically, during his testimony, the medical examiner could not say heroin was the "but for" cause of the victim's death. However, in highlighting the case, the Petitioner exhibits his knowledge that the enhancement provision is of mere consequence to sentencing. Moreover, because the Petitioner declared in his response that the central tenet of his motion "is whether the death enhancement provision . . . was appropriate," the Court is persuaded that his challenge is to sentencing.

5

Amendment claim of ineffective assistance of counsel, the Petitioner must satisfy both criteria set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first prong, the Petitioner must demonstrate that his counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. When considering the reasonableness prong of *Strickland*, the Court must apply the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

To satisfy the second prong, the Petitioner must show that he was prejudiced as a result of counsel's deficient performance. *Id.* at 692–93. In doing so, the Petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, the Petitioner "must demonstrate that but for his counsel's error, there is a reasonable probability that he *would not* have pled guilty and *would have* insisted on going to trial." *United States v. Akinsade*, 686 F.3d 248, 253 (4th Cir. 2012) (emphasis added) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Moreover, when counsel's alleged error affects the outcome of the case at trial on the merits,[3] the Petitioner must also show that he would have had a more favorable outcome at trial. *Lee*, 137 S.Ct. at 1964; *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996). Petitioner's claims of ineffective assistance of counsel do not satisfy *Strickland*'s stringent requirements.

### 1. Deficient Performance

As to Petitioner's first two claims of ineffective assistance of counsel, the Court finds that the materials already in the record, conclusively shows that the Petitioner is not entitled to relief.

Petitioner first claims that he received ineffective assistance of counsel because counsel

---

[3] The Petitioner asserts that his plea was not voluntarily or intelligently entered into. However, the Petitioner's factual allegations are discordant with clear lines of authority. When counsel's error turns on the merit of case at trial, *see Premo v. Moore*, 562 U.S. 115, 118 (2011), rather than a miscommunication of the consequences of being convicted, *see Hill v. Lockart*, 474 U.S. 52 (1985), the voluntariness and knowingness of the plea are not implicated.

6

failed to independently review all records in discovery prior to advising Petitioner to plead guilty. When a defendant is represented by counsel in making his guilty plea, his plea is "strongly presumed to be valid in a subsequent habeas proceeding." *Savino v. Murray*, 85 F.3d 593, 603 (4th Cir. 1996). Moreover, "[c]onclusory allegations contained in a § 2255 Motion may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (internal quotation marks omitted); *Nickerson v. Lee*, 971 F. 2d 1125, 1136 (4th Cir. 1992) (providing that conclusory allegations, without factual proof, are insufficient to require an evidentiary hearing), *overruled on other grounds* by *Gray v. Netherland*, 518 U.S. 152, 165–66 (1996). Beyond Petitioner's own conclusory statements, the Petitioner fails to show counsel failed to independently investigate the discovery record, from which the remainder of Petitioner's allegations arise. Petitioner's allegations about counsel's failure to investigate are disputed by counsel in his sworn affidavit and belied by the record. Counsel's sworn statement that he reviewed all discovery and explained the law to the Petitioner is consistent with both counsel's and Petitioner's statements during the plea colloquy and sentencing:

> THE COURT: Now, Mr. Woodward, have you determined whether there's any meritorious defense that Mr. Hatt might assert to result in a judge or jury acquitting him?
>
> MR. WOODWARD: I have not – I have, Your Honor, I've made a determination that based on the discovery and my discussions with my client that there is no defense that could be raised that would likely result in a not guilty verdict on this charge.
>
> THE COURT: Do you know of any reason that Mr. Hatt should plead not guilty?
>
> MR. WOODWARD: No, Sir.

Plea Tr. at 12–13, Feb. 9, 2016. Accordingly, counsel did sufficiently investigate discovery and review the government's evidence with the Petitioner. Moreover, the Petitioner and counsel do not disagree about the contents of the government's evidence provided in discovery; rather, Petitioner contends that the evidence was insufficient to convict him of the enhancement element. However, in light of the government's evidence, Petitioner still decided to plead guilty and received a benefit from his plea; namely, the remainder of counts of the indictment were dismissed and Petitioner received a three point reduction to his offense level in his Presentence Investigation Report. ECF No. 38, at 7.

Petitioner next argues that his plea was involuntary because he was not aware of the heightened legal standard required to prove his guilt of the statutory enhancement element. However, Petitioner stipulated in the Statement of Facts that: (1) the victim overdosed on heroin the Petitioner provided to her; (2) the victim's cause of death was combined ethanol and heroin poisoning; and (3) heroin was the "but for" cause of the victim's death. ECF No. 34. Petitioner signed and agreed that he consulted with his counsel pursuant to the plea, and that the stipulations in the plea were true an accurate. *Id.* During the plea colloquy, the Court advised the Petitioner that if he chose to proceed to trial, the government was required to prove five elements beyond a reasonable doubt, including that the Petitioner's distribution of heroin resulted in the victim's death. Plea Tr. at 13. Therefore, Petitioner cannot now claim that he was uneducated about the legal standard at the time of his plea. Petitioner had the opportunity to express his concerns during his plea colloquy and at sentencing. Petitioner confirmed in open court, at the plea colloquy and sentencing, that he was fully satisfied with the advice and representation of counsel, and the Court cannot disregard the Petitioner's "solemn declarations in open court." *Blackedge v. Allison*, 431 U.S. 63, 74 (1977). The Petitioner has done nothing to undermine the

8

Court's confidence in counsel's representation of the Petitioner in his plea—consequently, the Petitioner has not shown deficient performance under *Strickland*.

### 2. Prejudice

The Petitioner next contends that counsel was ineffective for failing to object to the statutory sentencing enhancement. Petitioner's third and final claim of ineffective assistance of counsel may be disposed of without the need for an evidentiary hearing because, all facts, if proven true, are insufficient to demonstrate prejudice as required under *Strickland*'s second prong.

First, the Petitioner cannot show that counsel's objection would have been successful, nor can he demonstrate that he would have had a more favorable outcome at trial. The Petitioner has not alleged that he would have insisted upon going to trial notwithstanding counsel's alleged errors. In fact, it is clear from Petitioner's Motion and Response that, if offered, Petitioner would have accepted a more favorable plea agreement instead of going to trial, notwithstanding counsel's alleged error. It is clear from record that the government did not offer a more favorable plea agreement, and the Petitioner cannot show that a more favorable plea would have been offered later. ECF No. 49, 5–7. Finally, the Petitioner has not demonstrated that he would have pled not guilty at trial upon the opportunity.

Wherefore, the Court concludes that the Petitioner has not pleaded sufficient facts to demonstrate prejudice under *Strickland*.

Petitioner fails to demonstrate counsel's unreasonable representation and fails to set forth facts that could demonstrate the kind of prejudice necessary to satisfy *Strickland*'s second prong. Any dispute Petitioner has with his counsel regarding the effectiveness of defense counsel is

easily resolved by the record. Therefore, the Court finds a hearing on Petitioner's ineffective assistance of counsel claim is unnecessary.

**B. Ground Two: Prosecutorial Misconduct**

The Petitioner also claims that the government denied him due process by failing to *consider* exculpatory evidence during the plea bargaining and sentencing phases of his case in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

The Due Process Clause requires the government to disclose "favorable evidence upon request, 'where the evidence is material either to guilt or punishment.'" *United States v. Higgs*, 663 F.3d 726, 735 (2011) (quoting *Brady*, 373 U.S. at 87). In order to prevail on a § 2255 motion involving prosecutorial misconduct relating to a *Brady* claim, a person must demonstrate: (1) the prosecution suppressed evidence; (2) the evidence was exculpatory or impeaching; and (3) the evidence suppressed was favorable to the defense. *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999).

Once a defendant waives or exhausts his opportunity to appeal, the court may "presume he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 154, 164 (1982). A petitioner's claim is "procedurally defaulted" if it is the kind of claim that "can be fully and completely addressed on direct review based on the record created" at the trial, but was not raised on direct appeal. *Bousley v. United States*, 523 U.S. 614, 622 (1998). In order to bring claims asserting trial errors, either of fact or law, that were not brought on direct appeal, a petitioner must show: (1) actual prejudice resulting from the error; or (2) "that a miscarriage of justice would result" from the court's refusal to entertain the claims. *United States v. Mikalajunas*, 186 F. 3d 4990, 492–93 (4th Cir. 1999). The Petitioner cannot demonstrate a

miscarriage of justice unless he can show "actual innocence by clear and convincing evidence." *Id.*

Petitioner could have but did not raise his claim of prosecutorial misconduct on appeal. As discussed above, the Petitioner was aware of the legal standards required to prove his guilt of the statutory enhancement element at sentencing. The Petitioner was also aware that the government recommended the Court to impose a term of life imprisonment at sentencing. The Petitioner does not demonstrate either cause or actual prejudice resulting from the procedural default. Moreover, the Petitioner has not shown that a miscarriage of justice would result from the Court's failure to entertain his claims. Therefore, Petitioner's claim of prosecutorial misconduct is procedurally defaulted.

The Court also reviewed the merits of the Petitioner's claim and finds that the Petitioner has failed to allege sufficient facts to demonstrate prosecutorial misconduct under *Brady*. The Petitioner does not claim that the government failed to disclose favorable evidence. Instead, the Petitioner contends that the government did not consider the evidence while formulating the plea agreement. The Court cannot gather the required elements from the Petitioner's Motion and Response to state a plausible legal claim which would entitle him to relief.

For the reasons stated herein, Ground Two of the Petitioner's § 2255 Motion is without merit and does not entitle Petitioner to relief.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it is clear from the pleadings, files, and record that the Petitioner is not entitled to relief. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

In addition, the Court **DIRECTS** the Clerk to send a copy of this Order to Petitioner and to the United States Attorney.

The Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

Pursuant to Federal Rule of Appellate Procedure 22(b)(1), this Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner has not set forth a specific issue that demonstrates a substantial showing of a denial of a constitutional right. Because Petitioner fails to demonstrate a showing of a denial of a constitutional right, a Certificate of Appealability is **DENIED**.

The Clerk is **DIRECTED** to mail a copy of this Order to all parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
November *1*, 2017

/s/
Raymond A. Jackson
United States District Judge